UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERTO DUNN, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 4:11-CV-896 (CEJ) |
| TERRY RUSSELL, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the petition of Roberto Dunn for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Respondent has filed a response in opposition, and the issues are fully briefed.

**I.  Procedural Background**

Petitioner Roberto Dunn is currently incarcerated at the Eastern Reception, Diagnostic, and Correctional Center located in Bonne Terre, Missouri, pursuant to the judgment of the Circuit Court of the City of St. Louis. On July 25, 2000, following a jury trial, petitioner was found guilty of second-degree murder and armed criminal action. Resp. Ex. C; Resp. Ex. E. On August 25, 2000, the trial court sentenced petitioner to a life term of imprisonment for murder, to run concurrently with a ten year term of imprisonment for armed criminal action. Resp. Ex. C.

On September 25, 2001, the Missouri Court of Appeals affirmed the judgment of the trial court. Resp. Ex. H; State v. Dunn, 60 S.W.3d 676 (Mo. Ct. App. 2001). Petitioner's request for discretionary review by the Missouri Supreme Court was denied on December 18, 2001, and the mandate of the Missouri Court of Appeals was issued on January 3, 2002.

According to Missouri Supreme Court Rule 29.15, petitioner's motion for post-conviction relief was due ninety days after January 3, 2002, or by April 3, 2002. Petitioner's *pro se* motion was delivered to the court on April 1, 2002. Resp. Ex. K, at 41. However, a court employee stamped the cover letter of the motion "April 9, 2002." Id. at 11. On April 22, 2002, the motion court appointed an attorney with the public defender's office as counsel for petitioner, and an amended motion was filed. Id. at 12. On July 29, 2002, the motion was dismissed as six days out of time, based on the date stamp of "April 9." Id. at 40. Counsel never filed a motion to reconsider, and on April 30, 2003, counsel left the public defender's office. New counsel entered her appearance for petitioner on August 30, 2003. On March 18, 2004, counsel wrote to the state court, requesting information on the status of the case, and on March 23, 2004, counsel received a letter stating that the case had been dismissed. Id. at 106.

On July 15, 2005, petitioner's new counsel filed a motion to rescind the dismissal. Resp. Ex. K, at 42. That motion was denied. On July 11, 2006, counsel moved to re-open the case because of previous counsel's abandonment. Id. at 105. The court granted the motion, and re-opened the case. Id. at 110. After an evidentiary hearing, the motion for post-conviction relief was denied on the merits on April 21, 2009. Id. at 136-46. Petitioner's appeal of that decision was denied on May 25, 2010. Resp. Ex. N. The mandate of the Missouri Court of Appeals issued on June 17, 2010. The instant petition was filed on March 21, 2011.[1]

---

[1] Under the "prison mailbox rule," a habeas petition is considered "filed" on the date upon which the petitioner delivers the petition to prison authorities to be mailed to the court. Smith v. Roper, No. 4:03-CV-907-HEA(TIA), 2005 WL 2674942, at *2 n.1 (E.D. Mo. Oct. 20, 2005). "Absent evidence to the contrary, the date upon which petitioner signed the petition is sufficient indicia of the date upon which [p]etitioner delivered the petition to prison authorities." Id. The petition is signed and dated March 21, 2011 [Doc. #1], and petitioner's certified inmate account statement was signed and notarized in March of 2011 [Doc. #3]. Accordingly, although the petition was actually mailed on May 13, 2011, and docketed on May 16, 2011, the Court

II. **Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides for a one-year statute of limitations for habeas corpus petitions. 28 U.S.C. § 2244(d). The limitations period begins to run on the date that the state court judgment becomes final by the conclusion of direct review, or when the time for seeking such review expires, whichever is later. Id. § 2244(d)(1). This limitations period is tolled, however, while a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. Id. § 2244(d)(2).

Under § 2244(d), the instant petition is untimely. After petitioner's application for post-conviction relief was denied on July 29, 2002, petitioner did not seek further review until July 15, 2005. The statute of limitations could not be tolled by the filing of the motion to rescind the dismissal in July of 2005, because the one-year period had already expired. See Gray v. Gammon, 283 F.3d 917, 918 (8th Cir. 2002) (explaining that a state court proceeding filed after the expiration of the one-year limitations period does not toll the statute of limitations).

In addition to statutory tolling under §2244(d)(2), the limitations period may be equitably tolled if petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001) ("[E]quitable tolling is appropriate only under limited conditions, for example, where 'extraordinary circumstances' beyond a prisoner's control prevent the timely filing of a petition."). Attorney abandonment may provide a basis for equitable tolling. U.S. v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005) ("We have acknowledged… that

---

will consider March 21, 2011 the date of filing.

serious attorney misconduct, as opposed to mere negligence, may warrant equitable tolling."). In this case, the state circuit court re-opened petitioner's case because petitioner was abandoned by his first post-conviction attorney. However, petitioner has submitted no evidence to show that he diligently pursued his rights throughout the period of attorney abandonment. Furthermore, the extraordinary circumstances of attorney abandonment effectively ended when new counsel entered her appearance for petitioner on August 30, 2003, and received notice from the state court on March 23, 2004 that petitioner's case had been dismissed. The motion to rescind that dismissal was not filed until July 15, 2005. Any extraordinary circumstances that had once existed were over by March 23, 2004 at the latest, and the limitations period resumed running at that time. Because over one year elapsed before new counsel filed a motion to reopen state court proceedings, the time for filing a federal habeas corpus action expired.

## III. Conclusion

For the reasons discussed above, the Court concludes that the petition for a writ of habeas corpus was untimely filed under § 2244(d) and must be dismissed. Additionally, because petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 11th day of October, 2013.